**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MARBLEE SEABROOK,**

    **Plaintiff,**

vs.                                          Case No.: 4:23-CV-00007-AW-MAF

**ASHLEY NOLAN,
et al.,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, initiated this civil rights case, pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not pay the $402 filing fee but filed an application to proceed *in forma pauperis* (IFP), which the Court denied. ECF Nos. 2, 4.

The Court screened the complaint as required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and construes Plaintiff's allegations liberally. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). The Court issued an order directing Plaintiff to file a complete IFP application by February 10, 2023, but, as of drafting of this report, he has not. ECF No. 4. After careful consideration, for the reasons stated below, this case should be dismissed

without prejudice because Plaintiff affirmatively misrepresented his litigation history, failed to comply with the Court's orders, and fails to properly state a claim for relief.

I.  **Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to

Case No.  4:23-CV-00007-AW-MAF

service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders," and the Court may dismiss a claim without prejudice even for a minor violation of a court order. Id.; see also Dynes v. Army Air Force Exch. Serv., 720 F. 2d 1495, 1499 (11th Cir. 1983) (holding that

dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion).

This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in which a plaintiff has maliciously abused the judicial process warrants dismissal.[1]

## II.  Plaintiff's Complaint, ECF No. 1.

Plaintiff sued Ashley Nolan and Joanna Anderson of the Florida Commission of Offender Review solely in their official capacities. ECF No. 1, pp. 2-3. Although unclear, it appears Plaintiff alleges that Defendant Nolan falsified witness statements in order to cover for the arresting officer's allegedly unconstitutional search. Id., pp. 6-7. Plaintiff claims that the grounds upon which his probation revocation was based were unlawful; and the underlying search of his vehicle violated his Fourth and Fifth Amendment rights. Id. Plaintiff also claims Anderson is liable as Nolan's supervisor at the time and signed off on the fraudulent documents. Id. p. 5. Plaintiff's allegations largely amount to legal conclusions. Plaintiff asks the Court for

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

Case No.  4:23-CV-00007-AW-MAF

immediate release; compensatory damages of $100,000; and the opportunity to work for a family-owned business Id., p. 7. Plaintiff does not state when these incidents occurred; thus, it is impossible to determine whether the statute of limitations expired.

Plaintiff was required to respond truthfully to questions about his prior litigation history. Id., pp. 8-11. Plaintiff listed no prior litigation in either state or federal court. Id. The complaint form provides the following warning: "Failure to disclose **all** prior cases may result in the dismissal of this case." Id., p. 11 (emphasis added).

## III.   Plaintiff's Affirmative Misrepresentations

On the complaint form, Section VIII, Question C asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" Id., p. 10. Plaintiff answered, "No." Id.

Upon review of PACER, the Court takes judicial notice[2] that Plaintiff failed to disclose Seabrook v. Sec'y, Fla. Dep't of Corr., et al., M.D. Fla. No. 5:2003-cv-00205.

---

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Plaintiff's litigation history in federal courts.

Case No.  4:23-CV-00007-AW-MAF

The complaint form also contains a "Certification" section (Section IX(1)), which states: "*I declare, under penalty of perjury, that all of the information stated above (including all continuation pages) is true and correct.*" ECF No. 1, p. 11. Plaintiff signed the complaint under penalty of perjury. Id., p. 12.

Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). See Ealy v. CCA, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). When an action is dismissed for abuse of the judicial process, it counts as a strike for Section 1915(g) purposes. Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (unpublished).

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete this section of the form. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be

Case No. 4:23-CV-00007-AW-MAF

considerable. A *pro se* prisoner's affirmative misrepresentations of his litigation history will not be tolerated. Plaintiff was required to disclose his litigation history under the penalty of perjury. Plaintiff's *pro se* status does not excuse him from conforming to the Rules. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff knew that accurate disclosure of his litigation history was required, and dismissal of the instant action might result from any untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. This Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is dismissal without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the

existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Shelton v. Rohrs, 406 F. App'x 340, 340-41 (11th Cir. 2010) (affirming dismissal where prisoner failed to disclose four previous civil actions, finding that even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits).

### IV. Failure to Comply with Court Orders under Fed. R. Civ. P. 41(b).

The Court ordered Plaintiff to amend and file a proper IFP motion supported by the requisite inmate account statement by **February 10, 2023**. ECF No. 4. The plaintiff did not comply with the Court's order. The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

As noted above, Plaintiff's IFP application is incomplete. ECF No. 4. He did not file an amended application or pay the filing fee. Further, the Court warned Plaintiff that failure to comply would result in a recommendation of

dismissal pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. Id., p. 3.

## V.   Futility of Claims under Heck v. Humphrey, 512 U.S. 477 (1994)

Even if Plaintiff had not affirmatively misrepresented his prior litigation history and complied with the Court's orders, the Complaint would still be dismissed because it requests habeas relief and as such, is barred under Heck v. Humphrey.

There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." McCarthy v. Bronson, 500 U.S. 136, 140 (1991 (citing Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994).

Plaintiff does not seem to be challenging the conditions of his confinement, but requests immediate release. ECF No. 1, p. 7.  If Plaintiff desires to litigate issues attacking the validity of his criminal convictions or confinement, he must do so by initiating a habeas petition pursuant to 28

U.S.C. § 2254 and meeting all the requirements for such filing, including the exhaustion of his state court remedies.

Further, a prisoner may not bring a claim for damages under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of her conviction. See Heck, 512 U.S. at 487. As the Supreme Court has noted, the most obvious example of an action barred by Heck is one in which the plaintiff seeks relief directly attributable to conviction or confinement. In the Eleventh Circuit, attacks on the validity of probation revocations are also barred under Heck. See Cobb v. Fla., 293 F. App'x 708, 709 (11th Cir. 2008).

"The Court's purpose was to limit the opportunities for collateral attack on [criminal] convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (internal citations omitted). Thus, unless a plaintiff can demonstrate that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," the complaint must be dismissed. Heck, 512 U.S. at 487.

Here, Plaintiff's underlying conviction in his criminal case remains intact; and the revocation of his probation has not been vacated. Because Plaintiff alleges the probation revocation was unlawful, and he cannot prevail if the evidence leading to his revocation was not fabricated, his claims are barred by Heck and should be dismissed.

Plaintiff will not be prejudiced by this dismissal. He may choose to initiate a new case presenting his claims in a complaint that follows the Rules governing these cases, subject to a new case number and filing fee. Dismissal is appropriate.

## VI. Plaintiff's Official Capacity Claims Fail under Eleventh Amendment Immunity.

Finally, Plaintiff may not sue Defendants for monetary damages because he named them in their official capacities. Florida's sovereign immunity extends to its agencies, subdivisions, or officers. See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Fitzgerald v. McDaniel, 833 F.2d 1516 (11th Cir. 1987). That "bar exists whether the relief sought is legal or equitable." Papasan v. Allain, 478 U.S. 265, 276 (1986). Naming a government official in his official capacity is the equivalent of naming the governmental entity itself. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). A state official, however, may be sued in his official capacity when the suit alleges a constitutional violation by the official, acting in his official capacity and seeks

Case No.  4:23-CV-00007-AW-MAF

only prospective injunctive relief. See Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011).

The State of Florida is immune from monetary damages based upon the Eleventh Amendment. Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1512-13 (11th Cir. 1986). This is so because the Eleventh Amendment of the U.S. Constitution bars suit against a state in federal court absent valid congressional override, waiver of immunity, or consent to suit. See Wusiya v. City of Miami Beach, 614 F. App'x 389, 393 (11th Cir. 2015). Section 1983 does not abrogate state sovereign immunity for damage suits; and Florida has not waived its immunity from § 1983 suits. See id. A state and an agency of a state (i.e. the Florida Department of Corrections) are thus immune from liability under § 1983. See Williams v. Robbins, 153 F. App'x 574, 576 (11th Cir. 2005). Of course, suits for nominal damages against state officers in their official capacities are included in this Eleventh Amendment bar. See Simmons v. Conger, 86 F.3d 1080, 1086 (11th Cir. 1996) (finding district court erred in awarding nominal damages against a judge sued in his official capacity because the relief was barred by Eleventh Amendment).

Here, Defendants Nolan and Anderson are both state officials sued in their official capacity. Plaintiff's claims are barred by Florida's sovereign

Case No. 4:23-CV-00007-AW-MAF

immunity as he does not request any injunctive relief, only monetary damages.

## VII. Conclusion and Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) as malicious because Plaintiff made affirmative misrepresentations relating to his litigation history. Alternatively, the case should be dismissed for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1. The case should be **CLOSED** with an Order adopting this Report and Recommendation directing the Clerk of Court to note on the docket that this cause was **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** this 24th day of February, 2023.

                                       s/ Martin A. Fitzpatrick
                                       **MARTIN A. FITZPATRICK**
                                       **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).